# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

INTEGRATED HEALTH GROUP, P.C.,              Case No. 15-53145-MLO

                                          Chapter 7

                             Debtor,

_____/

BASIL SIMON, Trustee for Chapter 7 Debtor
Integrated Health Group, P.C., INTEGRATED
HEALTH CARE SYSTEMS, LLC, INTEGRATED
HCS PRACTICE MANAGEMENT, LLC,
INTEGRATED HCS IMAGING SERVICES
MANAGEMENT, LLC,

                    Plaintiffs.          Adversary Proceeding No.
                                           17-04596-MLO

v.

HUSSEIN HURAIBI, NOURA HURAIBI,
SAMEERAH HURAIBI CORTEZ, MAHOMED
SALKINI, AHMED SALKINI, GEBRE ASHEBIR,
MICHAEL J. PENN, YISROEL SIGLER, SAMI
AHMAD, FAISAL AHMAD, OSMAN AHMAD,
JOHN WRIGHT, FAWAD RIZVI, MAHMOOD
AHMAD, ARIEL MAJHOO, PARAMOUNT
HEALTHCARE MANAGEMENT, LLC, NA
WORLD HOLDINGS, LLC, HURAIBI
ENTERRISES II, LLC, HURAIBI PAIN & REHAB
INSTITUTE, PLLC, HURAIBI REHAB INSTITUTE,
PLLC, HUSSEIN A. HURAIBI, M.D., PLLC,
ANESTHESIA CONSULTANTS OF MICHIGAN,
PLLC, KETAMINE INFUSION CENTERS OF
MICHIGAN, PLLC, MICHIGAN INSTITUTE OF
PAIN MANAGEMENT II, PLLC, MICHIGAN
INSTITUTE OF PAIN MANAGEMENT, LLC – FZ,
ANODYNE HEALTHCARE, PLLC, INTEGRATED
MRI CENTER, LLC, d/b/a COMPLETE IMAGING,
NEUROLOGICAL INSTITUTE OF INTERVENTIONAL
PAIN MANAGEMENT, PLLC, d/b/a
NEUROINTERVENTIONAL PAIN MANAGEMENT,
PLLC, ACOM DRUG TESTING SERVICES, LLC d/b/a

1

COMPLETE TOXICOLOGY
LABORATORIES, ORCHARD LABORATORIES CORP.,
d/b/a ORCHARD TOXICOLOGY, BIOLABTIX, LLC,
LABOTIX, INC., VAN BUREN PHARMACEUTICALS,
LLC, CONSOLIDATED LABORATORY MANAGEMENT
SYSTEMS, LLC, AQM HOLDING, LLC JOHN DOES, 1-19,
and JANE DOES 1-20.

                Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF FAWAD RIZVI AND ANODYNE HEALTHCARE, PLLC TO FIRST AMENDED ADVERSARY COMPLAINT

      FAWAD RIZVI and ANODYNE HEALTHCARE, PLLC, Defendants, ("Rizvi" and/or "Anodyne") by and through its counsel Eugene W. Pyatenko, Esq. for its Answer to Plaintiff's Complaint, states as follows:

## PARTIES AND RELATED ENTITIES

1. Paragraph 1 of Plaintiffs' Complaint states a legal conclusion to which no Answer is required.

2. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of Plaintiffs' Complaint.

3. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiffs' Complaint.

4. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of Plaintiffs' Complaint.

5. Paragraph 5 of Plaintiffs' Complaint states a conclusion to which no answer is required.

6. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of Plaintiffs' Complaint.

7. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of Plaintiffs' Complaint.

8. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of Plaintiffs' Complaint.

9. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of Plaintiffs' Complaint.

10. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of Plaintiffs' Complaint.

11. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of Plaintiffs' Complaint.

12. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of Plaintiffs' Complaint.

13. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of Plaintiffs' Complaint.

14. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of Plaintiffs' Complaint.

15. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of Plaintiffs' Complaint.

16. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of Plaintiffs' Complaint.

17. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of Plaintiffs' Complaint.

18. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of Plaintiffs' Complaint.

19. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of Plaintiffs' Complaint.

20. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of Plaintiffs' Complaint.

21. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of Plaintiffs' Complaint.

22. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of Plaintiffs' Complaint.

23. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of Plaintiffs' Complaint.

24. Defendants Rizvi and Anodyne admit the allegations of Paragraph 24 of Plaintiffs' Complaint.

25. Defendants Rizvi and Anodyne admit the allegations of Paragraph 25 of Plaintiffs' Complaint.

26. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of Plaintiffs' Complaint.

27. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of Plaintiffs' Complaint.

28. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of Plaintiffs' Complaint.

29. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of Plaintiffs' Complaint.

30. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of Plaintiffs' Complaint.

31. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of Plaintiffs' Complaint.

32. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of Plaintiffs' Complaint.

33. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of Plaintiffs' Complaint.

34. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of Plaintiffs' Complaint.

35. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of Plaintiffs' Complaint.

36. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of Plaintiffs' Complaint.

37. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of Plaintiffs' Complaint.

38. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of Plaintiffs' Complaint.

## JURISDICTION, CORE PROCEEDING and VENUE

39. Paragraph 39 of Plaintiffs' Complaint states a legal conclusion to which no Answer is required.

40. Paragraph 40 of Plaintiffs' Complaint states a legal conclusion to which no Answer is required.

41. Paragraph 41 of Plaintiffs' Complaint states a legal conclusion to which no Answer is required.

42. Paragraph 42 of Plaintiffs' Complaint states a legal conclusion to which no Answer is required.

43. Paragraph 43 of Plaintiffs' Complaint states a legal conclusion to which no Answer is required.

## FORMATION OF IHG

44. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of Plaintiffs' Complaint.

45. Defendants Rizvi and Anodyne deny the allegations of Paragraph 45 for the reason that they are not true and in further answer state that according to the public records of the Michigan Department of Licensing and Regulatory Affairs:

    A) Michigan Institute of Pain Management, P.C. ("MIPM") was organized as a Professional Service Corporation on October 19, 2004 (ID # 34711D).

    B) On February 26, 2013, by Certificate of Amendment – Corporation, Article I of MIPM's Articles of Incorporation was amended to change the name of the corporation to Integrated Health Group, P.C. (ID # 34711D)

    C) On February 26, 2013, by Certificate of Assumed Name, Integrated Health Group, P.C. (ID # 34711D) assumed Michigan Institute of Pain Management as the name under which its business is to be conducted.

46. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of Plaintiffs' Complaint.

47. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of Plaintiffs' Complaint.

48. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of Plaintiffs' Complaint.

49. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of Plaintiffs' Complaint.

50. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of Plaintiffs' Complaint.

51. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of Plaintiffs' Complaint.

## AGREEMENTS BETWEEN IHG AND IHCS

52. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of Plaintiffs' Complaint.

53. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of Plaintiffs' Complaint.

54. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of Plaintiffs' Complaint.

55. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of Plaintiffs' Complaint.

56. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of Plaintiffs' Complaint.

57. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of Plaintiffs' Complaint.

58. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of Plaintiffs' Complaint.

## <u>HURAIBI'S WRONGFUL CONDUCT LEADING TO IHG'S DEMISE</u>

59. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of Plaintiffs' Complaint.

60. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of Plaintiffs' Complaint.

61. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of Plaintiffs' Complaint.

62. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of Plaintiffs' Complaint.

63. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of Plaintiffs' Complaint.

64. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of Plaintiffs' Complaint.

65. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of Plaintiffs' Complaint.

66. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of Plaintiffs' Complaint.

67. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of Plaintiffs' Complaint.

68. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of Plaintiffs' Complaint.

69. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of Plaintiffs' Complaint.

70. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of Plaintiffs' Complaint.

71. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of Plaintiffs' Complaint.

72. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of Plaintiffs' Complaint.

73. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of Plaintiffs' Complaint.

74. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of Plaintiffs' Complaint.

75. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of Plaintiffs' Complaint.

76. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of Plaintiffs' Complaint.

77. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of Plaintiffs' Complaint.

78. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of Plaintiffs' Complaint.

79. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of Plaintiffs' Complaint.

80. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of Plaintiffs' Complaint.

81. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of Plaintiffs' Complaint.

82. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of Plaintiffs' Complaint.

83. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of Plaintiffs' Complaint.

84. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of Plaintiffs' Complaint.

### THE FRUDULENT TRANSFERS

85. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of Plaintiffs' Complaint.

86. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of Plaintiffs' Complaint.

87. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of Plaintiffs' Complaint.

### Van Buren Pharmacy

88. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of Plaintiffs' Complaint.

89. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of Plaintiffs' Complaint.

90. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of Plaintiffs' Complaint.

91. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 of Plaintiffs' Complaint.

**ACOM**

92. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 of Plaintiffs' Complaint.

93. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of Plaintiffs' Complaint.

94. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of Plaintiffs' Complaint.

95. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of Plaintiffs' Complaint.

96. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of Plaintiffs' Complaint.

**Great Lakes Laboratory**

97. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of Plaintiffs' Complaint.

98. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of Plaintiffs' Complaint.

99. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of Plaintiffs' Complaint.

100.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of Plaintiffs' Complaint.

### Monroe Property

101.     Paragraph 101 of Plaintiffs' Compliant states a legal conclusion to which no answer is required.  To the extent an answer is required; Defendants Rizvi and Anodyne restate and/or refer to their Answer to Paragraph 45 of Plaintiffs' Complaint.

102.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of Plaintiffs' Complaint.

103.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of Plaintiffs' Complaint.

104.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of Plaintiffs' Complaint.

105.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of Plaintiffs' Complaint.

106.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 of Plaintiffs' Complaint.

## Certificate of Need/MRI Business

107.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 of Plaintiffs' Complaint.

108.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108 of Plaintiffs' Complaint.

109.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 of Plaintiffs' Complaint.

## Wire Transfers

110.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 (a-t inclusive) of Plaintiffs' Complaint.

## IHG's Revenue, Receivables, Patient List, Patient Base, referral Sources, Resources, and/or Goodwill

111.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 111 of Plaintiffs' Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111 of Plaintiffs' Complaint as to any other Defendants.

112.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 112 of Plaintiffs' Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112 of Plaintiffs' Complaint as to any other Defendants.

## OTHER CONRACTS

113.     Defendants Rizvi and Anodyne admit that Defendant Rizvi was employed by Integrated Health Group, P.C. effective July 1, 2013. Defendants Rizvi and Anodyne deny the remaining allegations of Paragraph 113 of Plaintiffs' Complaint as to these Defendants for the reason that they are not true. In further Answer, Defendants Rizvi and Anodyne state as follows:

a) On July 25, 2010 Defendant Rizvi entered into a certain Independent Contractor Agreement ("IC Agreement") with Michigan Institute of Pain Management, a professional corporation ("MIPM) under the terms of which:

- MIPM would utilize the services of Defendant Rizvi as a pain management physician;

- Defendant Rizvi would be responsible for maintaining his own medical malpractice insurance coverage;

- MIPM would provide all office and workspace, physical facilities, equipment supplies and personnel to allow Defendant Rizvi and MIPM to provide appropriate medical care and services to patients ("Support Services");

- Defendant Rizvi would be responsible for billing and collection under his own National Provider Identification ("NPI") Provider Number for all professional services he performed under the IC Agreement;

- In consideration for the Support Services provided by MIPM, Defendant Rizvi would pay 35% of the first $30,000.00 of the total gross amount collected by Defendant Rizvi and 25% of all additional amounts collected by Defendant Rizvi. All amounts due and payable by Defendant Rizvi to MIPM have been paid in full.

b) On July 30, 2010 Defendant Anodyne was formed by Defendant Rizvi as its sole shareholder and obtained its NPI Organization Number.

c) Defendants Rizvi/Anodyne continued to render professional services and fully satisfy their respective obligations under the terms of the IC Agreement.

d) Effective July 1, 2013, Defendants Rizvi and Anodyne became party to a certain Physician Employment Agreement Integrated Health Group, P.C. and a certain Integration Agreement with Integrated Health Group, P.C. ("IHG") (collectively the IHG Agreements, whereby: (i) Defendant Rizvi would become an Employee of IHG as an "Aligned Physician" and receive a salary; (ii) Defendant Anodyne ("Practice") would become a Practice Division of IHG; (iii) Defendants would become "integrated" into the IHG Group Practice; and (iv) the IC Agreement would be suspended.

e) Until such time as Defendants Rizvi and Anodyne were fully integrated into the IHG Group Practice (including "credentialing" and "linkage" of Defendants Rizvi's NPI Provider Number with IHG's NPI Organization

Number, Defendants Rizvi and Anodyne would: (i) continue billing under their respective NPI Numbers and (ii) contribute in their entirety all cash and cash equivalents and deposits collected and the accounts receivable arising from services rendered after the effective date of the IHG Agreements to IHG.

f) IHG failed to complete "credentialing" and "linkage" of Defendants Rizvi's NPI Provider Number with IHG's NPI Organization Number.

g) Defendants Rizvi and Anodyne fully performed their respective obligations under the IHG Agreements.

h) Integration as contemplated under the terms of the IHG Agreements was never completed and as of January 14, 2014: (i) the IHG Agreements were terminated as to Defendants Rizvi and Anodyne and the IC Agreement was reinstated.

i) Thereafter, Defendants Rizvi and Anodyne operated and fully satisfied their respective obligations under the terms of the IC Agreement through December 2014. Effective January 1, 2015: (i) Defendants Rizvi and Anodyne assumed the costs and expenses of the Support Services previously provided by MIPM (e.g. payroll, rent, healthcare supplies and medications, etc.); and (ii) the IC Agreement was terminated.

114.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 114 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answer as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

115.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 115 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

116.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 of Plaintiffs' Complaint.

**CAUSES OF ACTION**

**COUNT I:  BREACH OF STATUTORY AND COMMON LAW FIDUCIARY DUTIES (HURAIBI)**

117.     Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-116 inclusive as though fully set forth herein.

118.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of Plaintiffs' Complaint.

119.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of Plaintiffs' Complaint.

120.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 of Plaintiffs' Complaint.

## 1A. Breach of Duty of Care
## (Huraibi)

121.      Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 of Plaintiffs' Complaint.

122.      Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 a-o inclusive of Plaintiffs' Complaint. Defendants Rizvi and Anodyne deny the allegations of Paragraph 122 p of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

123.      Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 of Plaintiffs' Complaint.

124.      Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of Plaintiffs' Complaint.

125.      Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.      Deny the relief requested by Plaintiffs as to these Defendants;

II.      Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.     The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

### 1B. Breach of Duty of Loyalty
### (Huraibi)

126.     Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-125 inclusive as though fully set forth herein.

127.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 of Plaintiffs' Complaint.

128.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128 of Plaintiffs' Complaint.

129.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 of Plaintiffs' Complaint.

130.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 of Plaintiffs' Complaint.

131.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.      Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.    The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

## 1C. Breach of Duty of Good Faith
### (Huraibi)

132.    Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-131 inclusive as though fully set forth herein.

133.    Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 of Plaintiffs' Complaint.

134.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 a-o inclusive of Plaintiffs' Complaint.  Defendants Rizvi and Anodyne deny the allegations of Paragraph 134 p of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

135.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135 of Plaintiffs' Complaint.

136.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.      Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.    The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and

attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

**COUNT 2 – USURPATION OF CORPORATE OPPORTUNITIES (HURAIBI, SAMI, AHMAD, COMPLETE IMAGING, SAMEERAH HURAIBI CORTEZ, ASHEBIR, M. SALKINI, A. SALKINI, FAISAL AHMAD, OSMUN AHMAD, ORCHARD, BIOLABTIX, SIGLER, PENN, NAURA HURAIBI, N.A. WORLD HOLDINGS, WRIGHT, PARAMOUNT, CLMS, VAN BUREN PHARMACEUTICALS, and ACOM**

137.     Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-136 inclusive as though fully set forth herein.

138.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138 of Plaintiffs' Complaint.

139.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139 of Plaintiffs' Complaint.

140.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140 of Plaintiffs' Complaint.

141.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141 of Plaintiffs' Complaint.

142.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 of Plaintiffs' Complaint.

143.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143 of Plaintiffs' Complaint.

144.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.      Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.    The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

## COUNT 3- FRUADULENT TRANSFERS

145.     Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-144 inclusive as though fully set forth herein.

146.     Paragraph 146 of Plaintiffs' Complaint states a legal conclusion to which no answer is required.

147.     Paragraph 147 of Plaintiff's Complaint states a legal conclusion to which no answer is required.

148.     Paragraph 148 of Plaintiff's Complaint states a legal conclusion to which no answer is required.

149.     Paragraph 149 of Plaintiff's Complaint states a legal conclusion to which no answer is required.

150.     Paragraph 150 of Plaintiff's Complaint states a legal conclusion to which no answer is required.

### 3A. Fraudulent Transfer of ACOM
### (Huraibi, Noura Huraibi, NA World Holdings, Penn, Sigler, Paramount, CLMS, Sami Ahmad, Faisal Ahmad, Salkini, and Wright)

151.     Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-150 inclusive as though fully set forth herein.

152.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 of Plaintiffs' Complaint.

153.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 of Plaintiffs' Complaint.

154.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 of Plaintiffs' Complaint.

155.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155 of Plaintiffs' Complaint.

156.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 of Plaintiffs' Complaint.

157.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 of Plaintiffs' Complaint.

158.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158 of Plaintiffs' Complaint.

159.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159 of Plaintiffs' Complaint.

160.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160 of Plaintiffs' Complaint.

161.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I. Deny the relief requested by Plaintiffs as to these Defendants;

II. Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III. The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

### 3B. Fraudulent Transfer of Van Buren Pharmacy
### (Huraibi, Sameerah, Ashebir, and Van Buren Pharmaceuticals)

162. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-161 inclusive as though fully set forth herein.

163. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163 of Plaintiffs' Complaint.

164. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164 of Plaintiffs' Complaint.

165.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165 of Plaintiffs' Complaint.

166.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166 of Plaintiffs' Complaint.

167.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167 of Plaintiffs' Complaint.

168.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168 of Plaintiffs' Complaint.

169.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 169 of Plaintiffs' Complaint.

170.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170 of Plaintiffs' Complaint.

171.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 171 of Plaintiffs' Complaint.

172.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.     Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.     The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

### 3C. Fraudulent Transfer of Great Lakes Laboratory
### (Huraibi, M. Salkini, A. Salkini, Sami Ahmad, Faisal Ahmad, Osman Ahmed, Orchard, and Biolabtix)

173.     Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-172 inclusive as though fully set forth herein.

174.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174 of Plaintiffs' Complaint.

175.	Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175 of Plaintiffs' Complaint.

176.	Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176 of Plaintiffs' Complaint.

177.	Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 177 of Plaintiffs' Complaint.

178.	Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 178 of Plaintiffs' Complaint.

179.	Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 179 of Plaintiffs' Complaint.

180.	Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 180 of Plaintiffs' Complaint.

181.	Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181 of Plaintiffs' Complaint.

182.    Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182 of Plaintiffs' Complaint.

183.    Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 183 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.      Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.    The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

### 3D. Fraudulent Transfer of the Monroe Property
### (Huraibi, Noura Huraibi, HEII, and ACOM)

184.    Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-183 inclusive as though fully set forth herein.

185.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 185 of Plaintiffs' Complaint.

186.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 186 of Plaintiffs' Complaint.

187.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 187 of Plaintiffs' Complaint.

188.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188 of Plaintiffs' Complaint.

189.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189 of Plaintiffs' Complaint.

190.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 190 of Plaintiffs' Complaint.

191.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 191 of Plaintiffs' Complaint.

192.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 192 of Plaintiffs' Complaint.

193.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 193 of Plaintiffs' Complaint.

194.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 194 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.      Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.    The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

**3 E. Fraudulent Transfer –CON/MRI Business**
**(Huraibi, Sami Ahmad, and Complete Imaging)**

195.     Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-194 inclusive as though fully set forth herein.

196.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 196 of Plaintiffs' Complaint.

197.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 197 of Plaintiffs' Complaint.

198.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 198 of Plaintiffs' Complaint.

199.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 199 of Plaintiffs' Complaint.

200.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 200 of Plaintiffs' Complaint.

201.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 201 of Plaintiffs' Complaint.

202.    Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 202 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.    Deny the relief requested by Plaintiffs as to these Defendants;

II.    Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.    The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

### 3F. Fraudulent Transfer – Wire Transfers
### (Huraibi, Mahmood Ahmad, and John Does 1-19)

203.    Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-202 inclusive as though fully set forth herein.

204.    Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 204 of Plaintiffs' Complaint.

205.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 205 of Plaintiffs' Complaint.

206.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 206 of Plaintiffs' Complaint.

207.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 207 of Plaintiffs' Complaint.

208.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 208 of Plaintiffs' Complaint.

209.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 209 of Plaintiffs' Complaint.

210.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 210 of Plaintiffs' Complaint.

211.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 211 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.     Deny the relief requested by Plaintiffs as to these Defendants;

II.    Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.    The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

### 3 G. Fraudulent Transfer – IHG's Revenue, Receivables, Patient List, Patient Base, Referral Sources, resources, and/or Goodwill
### (All Defendants)

212.    Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-211 inclusive as though fully set forth herein.

213.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 213 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

214.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 214 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

215.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 215 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

216.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 216 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

217.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 217 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

218.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 218 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

219.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 219 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

220.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 220 of Plaintiff's Complaint as to these Defendants for the reason that they are not true.

Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.      Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.    The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

## <u>COUNT 4 – COMMON LAW AND STATUTORY CONVERSION</u>
### <u>(All Defendants)</u>

221.    Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-220 inclusive as though fully set forth herein.

222.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 222 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

223.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 223 of Plaintiff's Complaint as to these Defendants for the reason that they are not true.

Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

224.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 224 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

225.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 225 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.      Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.    The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

## COUNT 5 – CIVIL CONSPIRACY
### (All Defendants)

226.    Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-225 inclusive as though fully set forth herein.

227.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 227 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

228.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 228 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

229.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 229 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

230.    Defendants Rizvi and Anodyne deny the allegations of Paragraph 230 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

    I.    Deny the relief requested by Plaintiffs as to these Defendants;

    II.    Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.      The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

## COUNT 6 – SUCCESSOR LIABILITY
### (All Defendants)

231.      Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-230 inclusive as though fully set forth herein.

232.      Defendants Rizvi and Anodyne deny the allegations of Paragraph 232 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

233.      Defendants Rizvi and Anodyne deny the allegations of Paragraph 233 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

234.      Defendants Rizvi and Anodyne deny the allegations of Paragraph 234 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

235.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 235 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

236.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 236 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

237.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 237 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.     Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.     The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and

attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

## <u>COUNT 7 – BREACH OF SUBSCRIPTION AGREEMENT</u><br><u>(HURAIBI)</u>

238.      Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-237 inclusive as though fully set forth herein.

239.       Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 239 of Plaintiffs' Complaint.

240.      Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 240 of Plaintiffs' Complaint.

241.      Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 241 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.      Deny the relief requested by Plaintiffs as to these Defendants;

II.      Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.      The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or

discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

## COUNT 8 – UNJUST ENRICHMENT
### (HURAIBI)

242.     Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-241 inclusive as though fully set forth herein.

243.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 243 of Plaintiffs' Complaint.

244.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 244 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.     Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.     The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and

attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

### COUNT 9 – UNJUST ENRICHMENT
### (NON-HURAIBI DEFENDANTS)

245.     Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-244 inclusive as though fully set forth herein.

246.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 246 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

247.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 247 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.     Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.     The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and

attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

## COUNT 10 – CIVIL RICO
## (ALL DEFENDANTS)

248.     Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-247 inclusive as though fully set forth herein.

249.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 249 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

250.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 250 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

251.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 251 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

252.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 252 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

253.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 253 of Plaintiff's Complaint as to these Defendants for the reason that they are not true.

Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

254.        Defendants Rizvi and Anodyne deny the allegations of Paragraph 254 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

255.        Defendants Rizvi and Anodyne deny the allegations of Paragraph 255 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

256.        Defendants Rizvi and Anodyne deny the allegations of Paragraph 256 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

257.        Defendants Rizvi and Anodyne deny the allegations of Paragraph 257 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

258.        Defendants Rizvi and Anodyne deny the allegations of Paragraph 258 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

259.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 259 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

260.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 260 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

261.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 261 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

262.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 262 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.      Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.    The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are

not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

## COUNT 11 – EQUITA BLE SUBORDIANTION OF CLAIMS
### (HURAIBI)

263.　　Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-262 inclusive as though fully set forth herein.

264.　　Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 264 of Plaintiffs' Complaint.

265.　　Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 265 of Plaintiffs' Complaint.

266.　　Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 266 of Plaintiffs' Complaint.

267.　　Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 267 of Plaintiffs' Complaint.

268.　　Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 268 of Plaintiffs' Complaint.

269.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 269 of Plaintiffs' Complaint.

270.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 270 of Plaintiffs' Complaint.

271.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 271 of Plaintiffs' Complaint.

272.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 272 of Plaintiffs' Complaint.

273.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 273 of Plaintiffs' Complaint.

274.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 274 of Plaintiffs' Complaint.

275.     Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 275 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.      Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.    The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

## COUNT 12 – CLAIM DISALLOWANCE – 11 U.S.C. §502(d) (HURAIBI)

276.    Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-275 inclusive as though fully set forth herein.

277.    Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 277 of Plaintiffs' Complaint.

278.    Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 278 of Plaintiffs' Complaint.

279. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 279 of Plaintiffs' Complaint.

280. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 280 of Plaintiffs' Complaint.

281. Defendants Rizvi and Anodyne are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 281 of Plaintiffs' Complaint.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I. Deny the relief requested by Plaintiffs as to these Defendants;

II. Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III. The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

## COUNT 13 – BRACH OF CONTRACT
### (RIZVI and ANODYNE)

282.     Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraphs 1-281 inclusive as though fully set forth herein.

283.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 283 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

284.     Defendants Rizvi and Anodyne admit that IHG, Rizvi and Anodyne were party to various IHG Agreements. Defendants Rizvi and Anodyne deny that IHG fully performed its obligations under the terms of the IHG Agreements. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

285.     Defendants Rizvi and Anodyne admit that IHG, Rizvi and Anodyne were party to various IHG Agreements. Defendants Rizvi and Anodyne deny that IHG fully performed its obligations under the terms of the IHG Agreements. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

286.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 286 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

287.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 287 of Plaintiff's Complaint as to these Defendants for the reason that they are not true.

Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

288.     Defendants Rizvi and Anodyne deny the allegations of Paragraph 288 of Plaintiff's Complaint as to these Defendants for the reason that they are not true. Defendants Rizvi and Anodyne incorporate and restate their Answers as set forth in Paragraph 113 a – i inclusive as though fully set forth herein.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.      Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.    The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

A.      The claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery.

B.     Defendants Rizvi and Anodyne reserve the right to provide additional Affirmative Defenses as they become known after completion of discovery.

WHEREFORE Defendants Rizvi and Anodyne request that the Court:

I.     Deny the relief requested by Plaintiffs as to these Defendants;

II.     Dismiss Plaintiffs Complaint and grant Judgment in favor of Defendants Rizvi and Anodyne and against Plaintiffs; and

III.     The Court determine that inquiry, reasonable under the circumstances, by Plaintiffs and/or their counsel, would have established that the claims and/or factual assertions made by Plaintiffs against Defendants Rizvi and Anodyne are not warranted by existing law, lack evidentiary support, and are not likely to have evidentiary support after reasonable opportunity for further investigation or discovery and the Court award your Defendants' (Rizvi and Anodyne) costs and attorneys' fees wrongfully sustained and grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/     Eugene W. Pyatenko
Eugene W. Pyatenko (P-31913)
Attorney for Defendants Rizvi and Anodyne
143 Cady Centre #203
Northville, MI  48167
313-737-0302
epyatenko@msn.com