# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

Integrated Health Group, P.C.

                  Debtor.

Bankruptcy Case No. 15-53145
Chapter 7
Hon. Maria L. Oxholm

---

Basil Simon, Trustee for Chapter 7 Debtor Integrated Health Group, P.C., Integrated Health Care Systems, LLC, Integrated HCS Practice Management, LLC, Integrated HCS Imaging Services Management, LLC

                  Plaintiffs,

v.

Hussein Huraibi, Noura Huraibi, Sameerah Huraibi Cortez, Mohamed Salkini, Ahmed Salkini, Gebre Ashebir, Michael J. Penn, Yisroel Sigler, Sami Ahmad, Faisal Ahmad, Osman Ahmad, John Wright, Fawad Rizvi, Mahmood Ahmad, Ariel Majjhoo, Paramount Healthcare Management, LLC, NA World Holdings, LLC, Huraibi Enterprises II, LLC, Huraibi Pain & Rehab Institute, PLLC, Huraibi Rehab Institute, PLLC, Hussein A. Huraibi, M.D., PLLC, Anesthesia Consultants Of Michigan, PLLC, Ketamine Infusion Centers of Michigan, PLLC, Michigan Institute of Pain Management II, PLLC, Michigan Institute of Pain Management, LLC – FZ, Anodyne Healthcare, PLLC, Integrated MRI Center, LLC, *d/b/a* Complete Imaging, Neurological Institute of Interventional Pain Management, PLLC, *d/b/a* Neuorinterventional Pain Management, PLLC, Acom Drug Testing Services, LLC,

Adversary Proceeding No. 17-04596
Hon. Maria L. Oxholm

*d/b/a* Complete Toxicology Laboratories, Orchard Laboratories Corp., *d/b/a* Orchard Toxicology, Biolabtix, LLC, Labotix, Inc., Van Buren Pharmaceuticals, LLC, Consolidated Laboratory Management Systems, LLC, AQM Holdings, LLC John Does 1-19, and Jane Does 1-20

Defendants.

## ANSWER TO FIRST AMENDED ADVERSARY COMPLAINT

Now comes Ariel Majhoo, Neurological Institute of Interventional Pain Management, PLLC *d/b/a* Neurointerventional Pain Management, PLLC, and AQM Holdings, LLC (collectively, the "Defendants"), by and through their counsel, Stevenson & Bullock, P.L.C., and for their Answer to First Amended Adversary Complaint (the "Complaint") state as follows:

## PARTIES AND RELATED ENTITIES

1.     In answer to Paragraph 1 of the Complaint, the Defendants admit the allegations contained therein as true.

2.     In answer to Paragraph 2 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

3.     In answer to Paragraph 3 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

4.      In answer to Paragraph 4 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

5.      No response is required to Paragraph 5 of the Complaint; however, to the extent that a response is required, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

6.      In answer to Paragraph 6 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

7.      In answer to Paragraph 7 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

8.     In answer to Paragraph 8 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

9.     In answer to Paragraph 9 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

10.     In answer to Paragraph 10 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

11.     In answer to Paragraph 11 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

12.     In answer to Paragraph 12 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

13.     In answer to Paragraph 13 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

14.     In answer to Paragraph 14 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

15.     In answer to Paragraph 15 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

16.     In answer to Paragraph 16 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

17.     In answer to Paragraph 17 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

18.     In answer to Paragraph 18 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

19.     In answer to Paragraph 19 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

20.     In answer to Paragraph 20 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

21.     In answer to Paragraph 21 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

22.     In answer to Paragraph 22 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

23.     In answer to Paragraph 23 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

24.     In answer to Paragraph 24 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

25.     In answer to Paragraph 25 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

26.     In answer to Paragraph 26 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

27.     In answer to Paragraph 27 of the Complaint, the Defendants admit the allegations contained therein as true, provided, however, that the name of Ariel Majjhoo is incorrectly spelled in the Complaint.

28.     In answer to Paragraph 28 of the Complaint, the Defendants admit the allegations contained therein as true, provided, however, that the name of Ariel Majjhoo is incorrectly spelled in the Complaint.

29.     In answer to Paragraph 29 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

30.     In answer to Paragraph 30 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

31.     In answer to Paragraph 31 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

32.     In answer to Paragraph 32 of the Complaint, the Defendants admit the allegations contained therein as true, provided, however, that the name of Ariel Majjhoo is incorrectly spelled in the Complaint.

33.     In answer to Paragraph 33 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

34.     In answer to Paragraph 34 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

35.     In answer to Paragraph 35 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

36.     In answer to Paragraph 36 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

37.     In answer to Paragraph 37 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

38.     In answer to Paragraph 38 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

## **JURISDICTION, CORE PROCEEDING, and VENUE**

39.    In answer to Paragraph 39 of the Complaint, the Defendants deny the allegations contained therein as untrue.

40.    In answer to Paragraph 40 of the Complaint, the Defendants deny the allegations contained therein as untrue.

41.    In answer to Paragraph 41 of the Complaint, the Defendants admit that the breach of fiduciary claims contained in the Complaint at not core proceedings.  In further response, the Defendants deny the remaining allegations contained therein as untrue in the manner and form alleged.

42.    In answer to Paragraph 42 of the Complaint, the Defendants admit the allegations contained therein as true.

43.    In answer to Paragraph 43 of the Complaint, the Defendants admit the allegations contained therein as true.

## **FORMATION OF IHG**

44.    In answer to Paragraph 44 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

45. In answer to Paragraph 45 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

46. In answer to Paragraph 46 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

47. In answer to Paragraph 47 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

48. In answer to Paragraph 48 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

49. In answer to Paragraph 49 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

50.     In answer to Paragraph 50 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

51.     In answer to Paragraph 51 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

## AGREEMENTS BETWEEN IHG AND IHCS

52.     In answer to Paragraph 52 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

53.     In answer to Paragraph 53 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

54.     In answer to Paragraph 54 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

55.     In answer to Paragraph 55 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

56.     In answer to Paragraph 56 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

57.     In answer to Paragraph 57 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

58.     In answer to Paragraph 58 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

## HURAIBI'S WRONGFUL CONDUCT LEADING TO IHG'S DEMISE

59.     In answer to Paragraph 59 of the Complaint, the Defendants deny the allegations contained therein as untrue.

60.     In answer to Paragraph 60 of the Complaint, the Defendants deny the allegations contained therein as untrue.

61.     In answer to Paragraph 61 of the Complaint, the Defendants deny the allegations contained therein as untrue.

62.     In answer to Paragraph 62 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

63.     In answer to Paragraph 63 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

64.     In answer to Paragraph 64 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

65.    In answer to Paragraph 65 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

66.    In answer to Paragraph 66 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

67.    In answer to Paragraph 67 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

68.    In answer to Paragraph 68 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

69.    In answer to Paragraph 69 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

70. In answer to Paragraph 70 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

71. In answer to Paragraph 71 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

72. In answer to Paragraph 72 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

73. In answer to Paragraph 73 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

74. In answer to Paragraph 74 of the Complaint, the Defendants deny the allegations contained therein as untrue.

75. In answer to Paragraph 75 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

76.     In answer to Paragraph 76 of the Complaint, the Defendants admit that a chapter 7 bankruptcy was filed on behalf of Integrated Health Group, P.C. In further answer, the Defendants neither admit nor deny the remaining allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

77.     In answer to Paragraph 77 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

78.     In answer to Paragraph 78 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

79.     In answer to Paragraph 79 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

80. In answer to Paragraph 80 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

81. In answer to Paragraph 81 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

82. In answer to Paragraph 82 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

83. In answer to Paragraph 83 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

84. In answer to Paragraph 84 of the Complaint, the Defendants admit that a chapter 7 bankruptcy was filed on behalf of Integrated Health Group, P.C. In further answer, the Defendants neither admit nor deny the remaining allegations

contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

## THE FRAUDULENT TRANSFERS

85.     In answer to Paragraph 85 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

86.     In answer to Paragraph 86 of the Complaint, the Defendants deny the allegations contained therein as untrue.

87.     In answer to Paragraph 87 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

### Van Buren Pharmacy

88.     In answer to Paragraph 88 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

89.     In answer to Paragraph 89 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

90.     In answer to Paragraph 90 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

91.     In answer to Paragraph 91 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

## ACOM

92.     In answer to Paragraph 92 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

93.     In answer to Paragraph 93 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

94.     In answer to Paragraph 94 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

95.     In answer to Paragraph 95 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

96.     In answer to Paragraph 96 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

**Great Lakes Laboratory**

97.     In answer to Paragraph 97 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

98.     In answer to Paragraph 98 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

99.    In answer to Paragraph 99 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

100.   In answer to Paragraph 100 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

## Monroe Property

101.   In answer to Paragraph 101 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

102.   In answer to Paragraph 102 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

103.   In answer to Paragraph 103 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

104.   In answer to Paragraph 104 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

105.   In answer to Paragraph 105 of the Complaint, the Defendants deny the allegations in the manner and form alleged as untrue.   In further answer, the Defendants assert that "market value" is not of consequence to this proceeding; rather, the applicable legal authorities require an inquiry as to "reasonably equivalent value" of transferred property.  Without prejudice to any other defenses promulgated by the Defendants herein, in their Affirmative Defenses filed contemporaneously herewith, or other defenses asserted during the pendency of this proceeding, the Defendants assert that the "Monroe Property" (as such term is defined in the Complaint) was transferred for reasonably equivalent value.

106.   In answer to Paragraph 106 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

## Certificate of Need/MRI Business

107.   In answer to Paragraph 107 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

108.   In answer to Paragraph 108 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

109.   In answer to Paragraph 109 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

## Wire Transfers

110.   In answer to Paragraph 110 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

**IHG's Revenue, Receivables, Patient List, Patient Base, Referral Sources, Resources, and/or Goodwill**

111.    In answer to Paragraph 111 of the Complaint, the Defendants deny the allegations contained therein as untrue.

112.    In answer to Paragraph 112 of the Complaint, the Defendants deny the allegations contained therein as untrue.

## OTHER CONTRACTS

113.    In answer to Paragraph 113 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

114.    In answer to Paragraph 114 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

115.    In answer to Paragraph 115 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

116.    In answer to Paragraph 116 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

## CAUSES OF ACTION

## COUNT I:  BREACH OF STATUTORY AND COMMON LAW FIDUCIARY DUTIES (HURAIBI)

117.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

118.   In answer to Paragraph 118 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

119.   In answer to Paragraph 119 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

120.   In answer to Paragraph 120 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

## 1A. Breach of Duty of Care
## (Huraibi)

121. In answer to Paragraph 121 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

122. In answer to Paragraph 122 of the Complaint, including all subparts, the Defendants deny the allegations contained therein.

123. In answer to Paragraph 123 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

124. In answer to Paragraph 124 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

125. In answer to Paragraph 125 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## 1B. Breach of Duty of Loyalty
### (Huraibi)

126.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

127.   In answer to Paragraph 127 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

128.   In answer to Paragraph 128 of the Complaint, including all subparts, the Defendants deny the allegations contained therein.

129.   In answer to Paragraph 129 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

130.   In answer to Paragraph 130 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

131.  In answer to Paragraph 131 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## 1C. Breach of Duty of Good Faith
### (Huraibi)

132.  The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

133.  In answer to Paragraph 133 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

134.  In answer to Paragraph 134 of the Complaint, including all subparts, the Defendants deny the allegations contained therein.

135.  In answer to Paragraph 135 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

136.   In answer to Paragraph 136 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## COUNT 2 – USURPATION OF CORPORATE OPPORTUNITIES
### (Huraibi, Sami Ahmad, Complete Imaging, Sameerah Huraibi Cortez, Ashebir, M. Salkini, A. Salkini, Faisal Ahmad, Osmun Ahmad, Orchard, Biolabtix, Sigler, Penn, Naura Huraibi, N.A. World Holdings, Wright, Paramount, CLMS, Van Buren Pharmaceuticals, and ACOM)

137.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

138.   In answer to Paragraph 138 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

139.   In answer to Paragraph 139 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

140.   In answer to Paragraph 140 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

141.   In answer to Paragraph 141 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

142.   In answer to Paragraph 142 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

143.   In answer to Paragraph 143 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

144.   In answer to Paragraph 144 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## COUNT 3 – FRAUDULENT TRANSFERS

145.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

146.   Paragraph 146 of the Complaint is the Plaintiffs' interpretation of Title 11 United States Code and requires no answer from the Defendants.  To the extent that any answer is required from the Defendants, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

147.   Paragraph 147 of the Complaint is the Plaintiffs' interpretation of Michigan's Uniform Fraudulent Transfer Act and requires no answer from the Defendants.  To the extent that any answer is required from the Defendants, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

148.   Paragraph 148 of the Complaint is the Plaintiffs' interpretation of Michigan's Uniform Fraudulent Transfer Act and requires no answer from the

Defendants. To the extent that any answer is required from the Defendants, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

149. Paragraph 149 of the Complaint is the Plaintiffs' interpretation of Michigan's Uniform Fraudulent Transfer Act and requires no answer from the Defendants. To the extent that any answer is required from the Defendants, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

150. Paragraph 150 of the Complaint is the Plaintiffs' interpretation of Michigan's Uniform Fraudulent Transfer Act and requires no answer from the Defendants. To the extent that any answer is required from the Defendants, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

### 3A. Fraudulent Transfer of ACOM
### (Huraibi, Noura Huraibi, NA World Holdings, Penn, Sigler, Paramount, CLMS, Sami Ahmad, Faisal Ahmad, Salkini, and Wright)

151. The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

152.  In answer to Paragraph 152 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

153.  In answer to Paragraph 153 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

154.  In answer to Paragraph 154 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

155.  In answer to Paragraph 155 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

156.  In answer to Paragraph 156 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

157.   In answer to Paragraph 157 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

158.   In answer to Paragraph 158 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

159.   In answer to Paragraph 159 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

160.   In answer to Paragraph 160 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

161.   In answer to Paragraph 161 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## 3B. Fraudulent Transfer of Van Buren Pharmacy
## (Huraibi, Sameerah Huraibi, Ashebir, and Van Buren Pharmacy)

162. The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

163. In answer to Paragraph 163 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

164. In answer to Paragraph 164 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

165. In answer to Paragraph 165 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

166. In answer to Paragraph 166 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

167. In answer to Paragraph 167 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

168. In answer to Paragraph 168 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

169. In answer to Paragraph 169 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

170. In answer to Paragraph 170 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

171. In answer to Paragraph 171 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

172.   In answer to Paragraph 172 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

### 3C. Fraudulent Transfer of Great Lakes Laboratory
### (Huraibi, M. Salkini, A. Salkini, Sami Ahmad, Faisal Ahmad, Osmen Ahmad, Orchard, and Biolabtix)

173.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

174.   In answer to Paragraph 174 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

175.   In answer to Paragraph 175 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

176. In answer to Paragraph 176 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

177. In answer to Paragraph 177 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

178. In answer to Paragraph 178 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

179. In answer to Paragraph 179 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

180. In answer to Paragraph 180 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

181. In answer to Paragraph 181 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

182. In answer to Paragraph 182 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

183. In answer to Paragraph 183 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

### 3D. Fraudulent Transfer of The Monroe Property
### (Huraibi, Noura Huraibi, HEII, and AQM)

184. The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

185.    In answer to Paragraph 185 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

186.    In answer to Paragraph 186 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

187.    In answer to Paragraph 187 of the Complaint, the Defendants deny the allegations contained therein as untrue.

188.    In answer to Paragraph 188 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

189.    In answer to Paragraph 189 of the Complaint, the Defendants deny the allegations contained therein as untrue.

190.    In answer to Paragraph 190 of the Complaint, the Defendants deny the allegations contained therein as untrue.

191.    In answer to Paragraph 191 of the Complaint, the Defendants deny the allegations contained therein as untrue.

192.   In answer to Paragraph 192 of the Complaint, the Defendants deny the allegations contained therein as untrue.

193.   In answer to Paragraph 193 of the Complaint, the Defendants deny the allegations contained therein as untrue.

194.   In answer to Paragraph 194 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

### 3E. Fraudulent Transfer – CON/MRI Business
### (Huraibi, Sami Ahmad, and Complete Imaging)

195.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

196.   In answer to Paragraph 196 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

197.   In answer to Paragraph 197 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

198.   In answer to Paragraph 198 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

199.   In answer to Paragraph 199 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

200.   In answer to Paragraph 200 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

201.   In answer to Paragraph 201 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

202.   In answer to Paragraph 202 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## 3F. Fraudulent Transfer – Wire Transfers
### (Huraibi, Mahmood Ahmad, and John Does 1-19)

203.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

204.   In answer to Paragraph 204 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

205.   In answer to Paragraph 205 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

206.   In answer to Paragraph 206 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

207.   In answer to Paragraph 207 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

208.   In answer to Paragraph 208 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

209.   In answer to Paragraph 209 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

210.   In answer to Paragraph 210 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

211.   In answer to Paragraph 211 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

### 3G. Fraudulent Transfer – IHG's Revenue, Receivables, Patient List, Patient Base, Referral Sources, Resources, and/or Goodwill
### (All Defendants)

212.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

213.   In answer to Paragraph 213 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

214.   In answer to Paragraph 214 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

215.   In answer to Paragraph 215 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

216.   In answer to Paragraph 216 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

217.   In answer to Paragraph 217 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

218.   In answer to Paragraph 218 of the Complaint, the Defendants deny the allegations contained therein as untrue.

219.   In answer to Paragraph 219 of the Complaint, the Defendants deny the allegations contained therein as untrue.

220.   In answer to Paragraph 220 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## COUNT 4 – COMMON LAW AND STATUTORY CONVERSION
### (All Defendants)

221.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

222. In answer to Paragraph 222 of the Complaint, the Defendants deny the allegations contained therein as untrue.

223. In answer to Paragraph 223 of the Complaint, the Defendants deny the allegations contained therein as untrue.

224. In answer to Paragraph 224 of the Complaint, the Defendants deny the allegations contained therein as untrue.

225. In answer to Paragraph 225 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## COUNT 5 – CIVIL CONSPIRACY
### (All Defendants)

226. The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

227. In answer to Paragraph 227 of the Complaint, the Defendants deny the allegations contained therein as untrue.

228. In answer to Paragraph 228 of the Complaint, the Defendants deny the allegations contained therein as untrue.

229. In answer to Paragraph 229 of the Complaint, the Defendants deny the allegations contained therein as untrue.

230.   In answer to Paragraph 230 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## COUNT 6 – SUCCESSOR LIABILITY
### (All Defendants)

231.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

232.   In answer to Paragraph 232 of the Complaint, the Defendants deny the allegations contained therein as untrue.

233.   In answer to Paragraph 233 of the Complaint, the Defendants deny the allegations contained therein as untrue.

234.   In answer to Paragraph 234 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

235.   In answer to Paragraph 235 of the Complaint, the Defendants deny the allegations contained therein as untrue.

236.   In answer to Paragraph 236 of the Complaint, the Defendants deny the allegations contained therein as untrue.

237.   In answer to Paragraph 237 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## COUNT 7 – BREACH OF SUBSCRIPTION AGREEMENT
### (Huraibi)

238.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

239.   In answer to Paragraph 239 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

240.   In answer to Paragraph 240 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

241.   In answer to Paragraph 241 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## COUNT 8 – UNJUST ENRICHMENT
### (Huraibi)

242.    The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

243.    In answer to Paragraph 243 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

244.    In answer to Paragraph 244 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## COUNT 9 – UNJUST ENRICHMENT
### (Non-Huraibi Defendants)

245.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

246.   In answer to Paragraph 246 of the Complaint, the Defendants deny the allegations contained therein as untrue.

247.   In answer to Paragraph 247 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## COUNT 10 – CIVIL RICO
### (All Defendants)

248.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

249.   Paragraph 249 of the Complaint is the Plaintiffs' interpretation of Title 18 United States Code and requires no answer from the Defendants.  To the extent that any answer is required from the Defendants, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

250. In answer to Paragraph 250 of the Complaint, the Defendants deny the allegations contained therein as untrue.

251. In answer to Paragraph 251 of the Complaint, the Defendants deny the allegations contained therein as untrue.

252. In answer to Paragraph 252 of the Complaint, the Defendants deny the allegations contained therein as untrue.

253. In answer to Paragraph 253 of the Complaint, the Defendants deny the allegations contained therein as untrue.

254. In answer to Paragraph 254 of the Complaint, the Defendants deny the allegations contained therein as untrue.

255. In answer to Paragraph 255 of the Complaint, the Defendants deny the allegations contained therein as untrue.

256. In answer to Paragraph 256 of the Complaint, the Defendants deny the allegations contained therein as untrue.

257. In answer to Paragraph 257 of the Complaint, the Defendants deny the allegations contained therein as untrue.

258. In answer to Paragraph 258 of the Complaint, the Defendants deny the allegations contained therein as untrue.

259. In answer to Paragraph 259 of the Complaint, the Defendants deny the allegations contained therein as untrue.

260. In answer to Paragraph 260 of the Complaint, the Defendants deny the allegations contained therein as untrue.

261. In answer to Paragraph 261 of the Complaint, the Defendants deny the allegations contained therein as untrue.

262. In answer to Paragraph 262 of the Complaint, the Defendants deny the allegations contained therein as untrue.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## COUNT 11 – EQUITABLE SUBORDINATION OF CLAIMS
### (Huraibi)

263. The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

264. In answer to Paragraph 264 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

265. Paragraph 265 of the Complaint is the Plaintiffs' interpretation of Title 11 United States Code and requires no answer from the Defendants. To the extent that any answer is required from the Defendants, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon

which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

266.   Paragraph 266 of the Complaint is the Plaintiffs' interpretation of case law and requires no answer from the Defendants.  To the extent that any answer is required from the Defendants, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

267.   In answer to Paragraph 267 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

268.   In answer to Paragraph 268 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

269.   In answer to Paragraph 269 of the Complaint, including all subparts, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

270.   In answer to Paragraph 270 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

271.   In answer to Paragraph 271 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

272.   In answer to Paragraph 272 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

273.   In answer to Paragraph 273 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

274.   In answer to Paragraph 274 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

275.   In answer to Paragraph 275 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## COUNT 12 – CLAIM DISALLOWANCE – 11 U.S.C. § 502(d)
### (Huraibi)

276.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

277.   In answer to Paragraph 277 of the Complaint, the Defendants deny the allegations contained therein as untrue.

278.   In answer to Paragraph 278 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

279.   In answer to Paragraph 279 of the Complaint, the Defendants deny the allegations contained therein as untrue.

280.   In answer to Paragraph 280 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information

upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

281.   In answer to Paragraph 281 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

## COUNT 13 – BREACH OF CONTRACT
### (Rizvi and Anodyne)

282.   The Defendants hereby incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein.

283.   In answer to Paragraph 283 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

284.   In answer to Paragraph 284 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

285.  In answer to Paragraph 285 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

286.  In answer to Paragraph 286 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

287.  In answer to Paragraph 287 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

288.  In answer to Paragraph 288 of the Complaint, the Defendants neither admit nor deny the allegations contained therein for lack of sufficient information upon which to form a belief and leave Plaintiffs to their proofs; therefore, such allegations are deemed denied.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Complaint and grant any such further relief as is deemed appropriate.

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Elliot G. Crowder
Ernest M. Hassan (P67815)
Elliot G. Crowder (P76137)
Counsel for Defendants
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: ehassan@sbplclaw.com
Email: ecrowder@sbplclaw.com

Dated: October 30, 2017

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

| | |
|---|---|
| Integrated Health Group, P.C. | Bankruptcy Case No. 15-53145 |
| | Chapter 7 |
| Debtor. | Hon. Maria L. Oxholm |

---

| | |
|---|---|
| Basil Simon, Trustee for Chapter 7 Debtor Integrated Health Group, P.C., Integrated Health Care Systems, LLC, Integrated HCS Practice Management, LLC, Integrated HCS Imaging Services Management, LLC | Adversary Proceeding No. 17-04596 |
| | Hon. Maria L. Oxholm |

Plaintiffs,

v.

Hussein Huraibi, Noura Huraibi, Sameerah Huraibi Cortez, Mohamed Salkini, Ahmed Salkini, Gebre Ashebir, Michael J. Penn, Yisroel Sigler, Sami Ahmad, Faisal Ahmad, Osman Ahmad, John Wright, Fawad Rizvi, Mahmood Ahmad, Ariel Majjhoo, Paramount Healthcare Management, LLC, NA World Holdings, LLC, Huraibi Enterprises II, LLC, Huraibi Pain & Rehab Institute, PLLC, Huraibi Rehab Institute, PLLC, Hussein A. Huraibi, M.D., PLLC, Anesthesia Consultants Of Michigan, PLLC, Ketamine Infusion Centers of Michigan, PLLC, Michigan Institute of Pain Management II, PLLC, Michigan Institute of Pain Management, LLC – FZ, Anodyne Healthcare, PLLC, Integrated MRI Center, LLC, *d/b/a* Complete Imaging, Neurological Institute of Interventional Pain Management, PLLC, *d/b/a* Neuorinterventional Pain Management, PLLC, Acom Drug Testing Services, LLC,

*d/b/a* Complete Toxicology Laboratories, Orchard Laboratories Corp., *d/b/a* Orchard Toxicology, Biolabtix, LLC, Labotix, Inc., Van Buren Pharmaceuticals, LLC, Consolidated Laboratory Management Systems, LLC, AQM Holdings, LLC John Does 1-19, and Jane Does 1-20

Defendants.

## AFFIRMATIVE DEFENSES

Now comes Ariel Majhoo, Neurological Institute of Interventional Pain Management, PLLC d/b/a Neurointerventional Pain Management, PLLC, and AQM Holdings, LLC (collectively, the "Defendants"), by and through their counsel, Stevenson & Bullock, P.L.C., and hereby assert and reserve the following affirmative defenses upon which they may rely at the time of trial, or prior thereto by way of appropriate motion, if supported by facts to be determined through discovery, investigation, or otherwise. The Defendants do not assume any burden of proof that would otherwise rest upon the Plaintiffs or any other party.

The Defendants lack sufficient knowledge or information to form a belief as to the truth of some of the allegations contained in the Complaint. Until the Defendants avails themselves to their right to discovery in this proceeding, they cannot determine whether the following Affirmative Defenses will be asserted at trial or earlier by way of appropriate motion. These defenses, however, are included in their Answer to the Complaint in order to preserve the intention of the

Defendants to assert these defenses and to avoid waiver of these or any other available defenses.

1.      The Plaintiffs have failed to state a claim upon which relief may be granted.

2.      The Complaint is insufficient factually and legally to entitle the Plaintiffs to recover a judgment in law or equity, in whole or in part.

3.      For all counts of the Complaint, the Plaintiffs fail to plead with sufficient specificity pursuant to Rules 7008, 7009 and 7010 of the Federal Rules of Bankruptcy Procedure.

4.      The Plaintiffs may not avoid the transfer(s) identified in the Complaint against the Defendants, because the Debtor received a reasonably equivalent value in exchange for such transfer in the form of direct and/or indirect benefits.

5.      The Plaintiffs may not avoid the transfer(s) identified in the Complaint against the Defendants, because (i) the Debtor was not insolvent at the time such transfers were made and did not become insolvent as a result thereof, (ii) was not engaged in or about to engage in a business or transaction for which the remaining assets of the Debtor was unreasonably small in relation to the business or transaction, and/or (iii) did not intend to incur, or reasonably believe it would incur, debts beyond its ability to pay as they became due.

6.     The Plaintiffs may not avoid the transfer(s) identified in the Complaint against the Defendants, because the Debtor did not make the transfer with actual intent to hinder, delay, or defraud creditors.

7.     The Plaintiff may not avoid the transfer(s) identified in the Complaint against the Defendants, because the Defendants received any such transfer(s) in good faith and for value.

8.     The Plaintiffs' claims are barred by the applicable statute(s) of limitations.

9.     The Complaint and each and every claim therein are barred to the extent that any recovery by the Plaintiffs would be used to pay administrative expenses and would otherwise not be for the benefit of the bankruptcy estate.

10.     The Plaintiffs' claims are barred by the doctrine of mutual mistake.

11.     The Complaint is barred by the doctrines of waiver, estoppel, release, or acquiescence.

12.     All or some of the claims and causes of action set forth by the Plaintiffs are barred due to the equitable doctrines of unclean hands, estoppel, and/or laches.

13.     The Defendants provided reasonably equivalent value in exchange for the transfer.

14.     The Defendants are not liable to the Plaintiffs due to the actions of third parties.

15.     The Plaintiffs suffered no unjust loss or damage as a result of the Defendants.

16.     There was no transfer(s).

17.     The Defendants took any transfer in good faith.

18.     Plaintiffs' claims are barred, because there is a valid and enforceable contract governing the same subject matter.

19.     The Defendants paid for any benefit, if any, received.

20.     The Defendants received no benefit from Plaintiffs.

21.     The Plaintiffs' expectation of payment was not reasonable.

22.     The Plaintiffs conferred benefit(s), if any, gratuitously.

23.     Return of the benefit (if any) will cause Defendants additional loss.

24.     There was no express or implied assumption of liability.

25.     The transaction(s) in question do not amount to a consolidation or merger.

26.     The transaction(s) in question were not fraudulent;

27.     The Defendants purchased the property in good faith.

28.     The Defendants paid consideration in exchange for the transaction(s) in question.

29. The Defendants are not a mere continuation or reincarnation of the old corporation.

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Elliot G. Crowder
Ernest M. Hassan (P67815)
Elliot G. Crowder (P76137)
Counsel for Defendants
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: ehassan@sbplclaw.com
Email: ecrowder@sbplclaw.com

Dated: October 30, 2017

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

| | |
|---|---|
| Integrated Health Group, P.C. | Bankruptcy Case No. 15-53145 |
| | Chapter 7 |
| Debtor. | Hon. Maria L. Oxholm |

| | |
|---|---|
| Basil Simon, Trustee for Chapter 7 Debtor Integrated Health Group, P.C., Integrated Health Care Systems, LLC, Integrated HCS Practice Management, LLC, Integrated HCS Imaging Services Management, LLC | Adversary Proceeding No. 17-04596<br>Hon. Maria L. Oxholm |

Plaintiffs,

v.

Hussein Huraibi, Noura Huraibi, Sameerah Huraibi Cortez, Mohamed Salkini, Ahmed Salkini, Gebre Ashebir, Michael J. Penn, Yisroel Sigler, Sami Ahmad, Faisal Ahmad, Osman Ahmad, John Wright, Fawad Rizvi, Mahmood Ahmad, Ariel Majjhoo, Paramount Healthcare Management, LLC, NA World Holdings, LLC, Huraibi Enterprises II, LLC, Huraibi Pain & Rehab Institute, PLLC, Huraibi Rehab Institute, PLLC, Hussein A. Huraibi, M.D., PLLC, Anesthesia Consultants Of Michigan, PLLC, Ketamine Infusion Centers of Michigan, PLLC, Michigan Institute of Pain Management II, PLLC, Michigan Institute of Pain Management, LLC – FZ, Anodyne Healthcare, PLLC, Integrated MRI Center, LLC, *d/b/a* Complete Imaging, Neurological Institute of Interventional Pain Management, PLLC, *d/b/a* Neuorinterventional Pain Management,

PLLC, Acom Drug Testing Services, LLC, *d/b/a* Complete Toxicology Laboratories, Orchard Laboratories Corp., *d/b/a* Orchard Toxicology, Biolabtix, LLC, Labotix, Inc., Van Buren Pharmaceuticals, LLC, Consolidated Laboratory Management Systems, LLC, AQM Holdings, LLC John Does 1-19, and Jane Does 1-20

Defendants.

## <u>CERTIFICATE OF SERVICE</u>

Elliot G. Crowder certifies that on October 30, 2017, copies of the **Answer to Complaint, Affirmative Defenses,** and this **Certificate of Service** were served upon the following was served upon all parties listed below, electronically via the court's electronic system (CM/ECF PACER) and/or by depositing same in a United States Postal Box located in Southfield, Michigan, with postage fully prepaid thereon.

| Office of the United States Trustee | Robert Hamor<br>rhamor@fosterswift.com |
|---|---|
| Bryan D. Marcus<br>bmarcus.x@gmail.com | Anthony James Miller<br>am@osbig.com<br>tonymiller849@gmail.com |
| Yuliy Osipov<br>yotc_ecf@yahoo.com<br>yo_ecf@osbig.com<br>tc_ecf@osbig.com | Eugene W. Pyatenko<br>epyatenko@msn.com |
| Stephen P. Stella<br>attorneystella@sszpc.com<br>agaty@sszpc.com | Isaac Samuel Sternheim<br>isternheim@finkandassociateslaw.com<br>dfink@finkandassociateslaw.com |
| Ronald S. Thompson<br>rthompson@thompsonstewart.com<br>bdavis@thompsonstewart.com | |

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Elliot G. Crowder
Ernest M. Hassan (P67815)
Elliot G. Crowder (P76137)
Counsel for Defendants
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: ehassan@sbplclaw.com
Email: ecrowder@sbplclaw.com

Dated: October 30, 2017